UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MERRIWETHER WILLIAMS,<br><br>Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | **MEMORANDUM & ORDER**<br><br>No. 3:26-CV-454 (VDO) |

**VERNON D. OLIVER**, United States District Judge:

As discussed below, the Government's motion to dismiss the plaintiff's amended complaint at ECF No. 20 pursuant to Rule 12(b)(1) and 8(a) is hereby **GRANTED.**

Plaintiff filed the operative Amended Complaint at ECF No. 18, on April 29, 2026. Throughout the operative Amended Complaint, Plaintiff uses confusing language to describe a series of events and federal laws, ranging from the *Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA PATRIOT) Act of 2001* and the *REAL ID Act of 2005*, to the Founders' intent drafting the U.S. Constitution. The precise form of relief Plaintiff seeks, if any, is impossible for this Court to discern. In fact, Plaintiff states, "[t]his Complaint does not . . . challenge any specific operation, target, or program. It asks the Court to examine the structure of American law-the hierarchy established by Article VI, the amendment process established by Article V, and the public record of the Government's twenty five-year failure to use either one honestly." ECF No. 18 ¶ 10.

## I. RULE 12(B)(1) MOTION

As a threshold matter, "[t]he Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1). The Court does not have jurisdiction "when a plaintiff brings suit in federal court," and does not "have standing to pursue the asserted claims." *Id.*

To establish standing, "a plaintiff must show (1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 180-81 (2000); *see also Connecticut Fair Hous. Ctr. v. Corelogic Rental Prop. Sols., LLC*, 369 F. Supp. 3d 362, 368-69 (D. Conn. 2019).

Plaintiff asserts that she has standing merely because she resides within the Department of Homeland Security's 100-mile zone authority pursuant to 8 C.F.R. § 287.1(a) (2). Plaintiff fails to state an imminent, concrete, or particularized injury by alleging "the injury is the present operative effect of that asserted authority on Plaintiff's daily life and travel." ECF No. 33, at 5. The Court cannot decipher how Plaintiff's daily life and travel is impacted by the Department of Homeland Security, the USA PATRIOT Act, or the REAL ID Act's credential system because Plaintiff did not specify. This Court will not manufacture an injury that Plaintiff did not allege. Further, an injury will not be found where "plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a

prosecution is remotely possible." *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016) (citing *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015)).

## II. <u>RULE 8 MOTION</u>

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 8, a plaintiff must allege enough information to allow the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

A district court may strike portions of a complaint or dismiss it entirely if it fails to comply with Rule 8. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. Courts in the Second Circuit regularly dismiss "prolix, unintelligible, [and] speculative complaints" that "needlessly ramble[.]" *Fisch v. Consulate General of Republic of Poland*, No. 11-CV-4183 (SAS), 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011).

*Pro se* litigants, however, enjoy "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam). A court must hold a *pro se* complaint to "less stringent standards[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In other words, a court must interpret a *pro se* litigant's submissions "to raise the strongest arguments that they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022). This special solicitude cannot save the current version of Plaintiff's complaint, which is "rambling, verbose, [and] at times incoherent[.]" *See*

*Ruggiero v. Mobile Crisis Team*, No. 12-CV-499 (VLB), 2012 WL 4854660, at *4 (D. Conn. Oct. 11, 2012). Regardless of the merit of Plaintiff's claims, the Amended Complaint is "indisputably prolix and often unintelligible." *Fisch*, 2011 WL 3847398, at *2. This Court is not obliged to "wade through endless pages of narrative to discern the causes of action asserted and the relief sought." *Id.*

## III. CONCLUSION

Accordingly, the Court dismisses Plaintiff's Amended Complaint for lack of subject-matter jurisdiction in that she has failed to allege sufficient facts to establish standing. Additionally, dismissal is appropriate as the filing fails to state a plausible claim for relief.

The Court therefore dismisses the [18] Amended Complaint with leave to replead by **December 4, 2026**. The Second Amended Complaint must be in compliance with Rule 8 and 12(b)(1), and be filed consistent with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7(f). The filing of an amended complaint completely replaces the initial complaint and thus, Plaintiff may not merely incorporate by reference the allegations or exhibits of any prior complaint.

**SO ORDERED.**

Hartford, Connecticut
November 3, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge